# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **REBECCA CORDES,** | }<br>} |
| Plaintiff, | }<br>} |
| v. | } Case No.: 4:19-cv-00556-ACA<br>} |
| **SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,** | }<br>}<br>}<br>} |
| Defendant. | } |

## MEMORANDUM OPINION

Plaintiff Rebecca Cordes appeals the decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I. PROCEDURAL HISTORY

Ms. Cordes applied for a period of disability and disability insurance benefits on December 30, 2015. (R. 21, 99). Ms. Cordes alleges that her disability began on March 28, 2013. (*Id.* at 99, 178). The Commissioner initially denied Ms. Cordes' claim on March 4, 2016. (*Id.* at 106–111). Ms. Cordes requested a hearing before an Administrative Law Judge (ALJ). (R. 112–114). After holding

a hearing, the ALJ issued an unfavorable decision on June 1, 2018. (*Id.* at 21–34). On February 12, 2019, the Appeals Council declined Ms. Cordes' request for review (*id.* at 1), making the Commissioner's decision final and ripe for the court's judicial review. *See* 42 U.S.C § 405(g).

## II. STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citation omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Winschel*, 631 F.3d at 1178). The court may not "decide the facts anew, reweigh the evidence," or substitute its judgment for that of the ALJ. *Winschel*, 631 F.3d at 1178 (internal quotations and citation omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam) (internal quotation marks and citation omitted).

Despite the deferential standard for review of claims, the court must "'scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.'" *Henry*, 802 F.3d at 1267 (quoting *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986)). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Cordes has not engaged in substantial gainful activity since March 28, 2013, the alleged onset date. (R. 24). The ALJ found that Ms. Cordes has the following severe impairments: fibromyalgia and mild arthritic/degenerative changes of the lumbar spine. (*Id.*). The ALJ then concluded that Ms. Cordes does not suffer from an impairment or combination of

3

impairments that meets or medically equals the severity of one of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 26).

After considering the evidence of record, the ALJ determined that Ms. Cordes has the RFC to perform light work as the term is defined in 20 C.F.R. 404.1567(b), with certain additional postural and environmental limitations. (R. 26). Based on this RFC and testimony from a vocational expert, the ALJ found that Ms. Cordes can perform her past relevant work as a secretary. (*Id.* at 33). Relying on testimony from the vocational expert, the ALJ also concluded that other jobs exist in the national economy that Ms. Cordes can perform, including information clerk, storage facility clerk, and office helper. (*Id.*). Accordingly, the ALJ determined that Ms. Cordes has not been under a disability as defined in the Social Security Act, from March 28, 2013, through the date of the decision. (R. 33).

## IV. DISCUSSION

Ms. Cordes argues that the ALJ erroneously failed to admit into the record evidence that Ms. Cordes submitted within five days of her administrative hearing. (Doc. 11 at 2–5).

The relevant regulations provide that when a claimant requests a hearing before an ALJ, the claimant "should also submit information or evidence" relating to the claimant's disability. 20 C.F.C. § 404.935(a). The claimant "must make

4

every effort to ensure that" the ALJ "receives all of the evidence and must inform [the Commissioner] or submit any written evidence" concerning the alleged disability "no later than 5 business days before the date of the scheduled hearing." *Id.* If a claimant does not comply with this requirement, then the ALJ "may decline to consider or obtain the evidence," unless certain circumstances apply. *Id.* Those circumstances include situations where the Social Security Administration's actions "mislead" the claimant; where the claimant had a "physical, mental, educational or linguistic limitation" that prevented the claimant from submitting the evidence earlier; or where some "other unusual, unexpected, or unavoidable circumstance" beyond the claimant's control prevented the claimant from submitting the evidence in a timely fashion. 20 C.F.R. § 404.935(b).

In his decision, the ALJ explained that Ms. Cordes submitted or informed him "about additional written evidence less than five business days before the scheduled hearing date." (R. 21). The ALJ admitted some, but not all, of the additional evidence that Ms. Cordes supplied. For example, the ALJ admitted post-hearing treatment records from Dr. Charles Bell, Ms. Cordes' treating rheumatologist. (R. 21; *see also* R. 555–617). However, the ALJ did not admit pre-hearing treatment notes because Ms. Cordes "did not submit a 5-day letter prior to the hearing" advising the ALJ of the additional pre-hearing treatment notes. (R. 22). Likewise, the ALJ did not admit a functional capacity evaluation

from Ms. Cordes' physical therapist. (R. 21–22). The ALJ found that Ms. Cordes did not comply with the five-day rule in 20 C.F.R. § 404.935, and she provided "no good justification for generation and submission of this type of evidence at such a late date." (R. 22).

Ms. Cordes complains that the ALJ wrongfully failed to admit or consider Dr. Bell's February 14, 2018 treatment notes. (Doc. 11 at 3). Ms. Cordes' argument on this front operates from a faulty factual premise because the ALJ admitted and considered Dr. Bell's February 14, 2018 treatment notes and his corresponding medical opinion. (R. 21, 30, 32; *see* R. 555–559).

Ms. Cordes also appears to suggest that the ALJ should have considered a September 18, 2018 physical capacities evaluation from Ms. Cordes' physical therapist, Taylor Flanagan D.C. (Doc. 11 at 3). But as Ms. Cordes acknowledges, she submitted her physical therapist's September 18, 2018 physical capacities evaluation to the Appeals Council, not the ALJ. (Doc. 11 at 3). Thus, this record is irrelevant to any argument that the ALJ did not properly admit evidence that Ms. Cordes submitted before the ALJ's decision.[1]

Ms. Cordes makes no specific argument regarding the medical evidence that she submitted but that the ALJ refused to admit to the record. (*See generally* Doc.

---

[1] Indeed, it would have been impossible for the ALJ to have considered the September 18, 2018 evaluation, as the ALJ issued his decision three and a half months earlier on June 1, 2018. (R. 34). Therefore, the functional capacity evaluation that the ALJ refused to admit (*see* R. 22), cannot be the September 18, 2018 evaluation.

11 at 4–5). Ms. Cordes does not explain why she believes the ALJ's decision to exclude the evidence runs afoul of 20 C.F.R. § 404.935, and she does not address whether or how any of the § 404.935(b) factors apply. (*Id.*). Accordingly, to the extent Ms. Cordes has not waived her argument,[2] the court cannot find that the ALJ erred in refusing to consider this evidence.

## V. CONCLUSION

Substantial evidence supports the ALJ's denial of Ms. Cordes' application for a period of disability and disability insurance benefits, and this court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 24, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[2] *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").